## S04Y0830, S04Y0831, S04Y0832. IN THE MATTER OF STEVEN H. KOVAL (three cases).

(596 SE2d 617)

PER CURIAM.

These disciplinary matters are before the Court pursuant to the Report and Recommendation of the Review Panel of the State Disciplinary Board which adopted the findings of fact and conclusions of law set out in the report and recommendation of the special master who was appointed following the filing of three Formal Complaints by the State Bar. The Formal Complaints, which were filed after this Court rejected Respondent's petition for voluntary discipline, each alleged that Steven H. Koval violated Standards 23 and 44 of Bar Rule 4-102 (d). Although a single violation of Standard 23 may be punished by public reprimand and a single violation of Standard 44 may be punished by disbarment, the Review Panel recommends an indefinite suspension with conditions on reinstatement and we agree, except that we believe the suspension should last no less than one year.

In January 2000, a client hired Koval, who has been a member of the Bar since 1986, to file a lawsuit. The client paid Koval a $5,000 retainer and although Koval did some work on the case, he failed to file the suit as agreed; failed to return the client's phone calls; failed to communicate with the client about the progress of the case; and failed, after being fired from the case, to repay the retainer. We find separate and distinct violations of Standard 23 and Standard 44 of Bar Rule 4-102 (d) in this matter.

Similarly, in November 1999, a couple hired Koval to draft their wills and, although they paid him $425 for the work, he failed to perform the work or communicate with his clients. Eventually, in November 2000, after the clients filed a grievance with the State Bar of Georgia, Koval refunded the $425. We find a violation of Standard 23 of Bar Rule 4-102 (d) in this matter.[1]

Finally, in May 2000, Koval accepted an $850 retainer from a client for estate planning services but failed to perform the work agreed upon or adequately communicate with the client. After the client filed a grievance with the State Bar of Georgia, Koval refunded the $850. In this matter, we find separate and distinct violations of Standard 23 and Standard 44 of Bar Rule 4-102 (d).

In considering the appropriate discipline for Koval, we find that although these disciplinary matters include multiple offenses, each of which caused detriment to a client in the form of needless worry and concern, Koval has no prior history of disciplinary infractions.

---

[1] The State Bar dismissed the Standard 44 claim in this matter at the request of the clients.

Moreover, Koval has enjoyed a good reputation among his peers, serving in leadership positions in the legal profession; he has endured several significant physical and emotional set-backs since July 1998 which impaired his ability to work; he has taken steps to address those issues; he has been cooperative in these disciplinary proceedings; he has taken steps to refund the fees to the clients who filed the grievances against him; he has expressed remorse for his misconduct; and his actions do not appear to spring from a dishonest or selfish motive.

Thus, based on our review of the entire record, we hereby suspend Steven H. Koval from the practice of law indefinitely, but for a period of not less than one year, with the following conditions on his reinstatement: (1) proof of full restitution to all clients involved in these disciplinary matters; (2) written certification from a psychologist or psychiatrist who is licensed to practice in Georgia that, at the time of application for reinstatement, Koval has no mental or emotional health condition that would adversely affect his ability to practice law, specifically but not limited to, depression and impulse control; (3) every six months for the first 36 months following his resumption of the active practice of law, Koval shall forward to the State Bar a new medical certificate as described in condition 2; and (4) upon failure to provide the follow-up certificates required by condition 3, the Office of the General Counsel ("OGC") may apply to the special master for a show cause hearing.

Koval shall file any request for reinstatement of his license to practice law with the Review Panel of the State Disciplinary Board. Respondent's request must show that he has satisfied all conditions for reinstatement. The OGC shall file a response to Koval's request on behalf of the State Bar of Georgia and the Review Panel shall review the certifications, Respondent's request, and the State Bar's response. The Panel shall file a report and recommendation on Respondent's request for reinstatement with the Supreme Court.

Koval is reminded of his duties under Bar Rule 4-219.

*Indefinite suspension for a minimum of one year, with conditions. All the Justices concur.*

DECIDED MAY 24, 2004.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia. *Harry H. Harkins, Jr.,* for Koval.