S06Y0393. IN THE MATTER OF ALICE CALDWELL STEWART.
(631 SE2d 106)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that Respondent Alice Caldwell Stewart violated Rules 1.3, 1.4, 3.2 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.3 is disbarment, while the maximum sanction for a single violation of Rule 1.4, 3.2 or 9.3 is a public reprimand. The State Bar asserts that due to the facts of this case and Stewart's prior disciplinary record, disbarment is the appropriate sanction for her violations. We disagree.

According to the Notice of Discipline, Stewart agreed to represent a client regarding his petition for habeas corpus relief in or about June 2003; after the habeas court denied relief in January 2004, Stewart informed the client in a letter that she would file the documents required to pursue an appeal; the client did not hear further from Stewart, despite his repeated written inquiries as to the status of his case; and Stewart failed to timely answer the Notice of Investigation regarding these allegations though she acknowledged service of the Notice. Stewart also failed to file a Notice of Rejection despite being properly served with the Notice of Discipline by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Therefore, she is in default, has waived her rights to an evidentiary hearing and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

Based on our review of the record, which contains no explanation from Stewart, we find that Stewart violated Rules 1.3, 1.4, 3.2 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). We note, however, that our docket reveals that Stewart did in fact properly and timely file an application for a certificate of probable cause on behalf of the client involved in this disciplinary matter and that this Court considered the client's application in its regular course of business. Therefore, it appears that the client involved in this matter suffered no harm from Stewart's actions. Nevertheless, we cannot ignore the fact that Stewart has failed to respond to this disciplinary matter, nor can we ignore her prior disciplinary history (Stewart having accepted a letter of admonition in December 1983 regarding an incident wherein she improperly obtained access to, and reviewed, a police officer's confidential notes regarding her client and having received a Review Panel Reprimand on October 27, 2000 for willfully, and without just cause, abandoning a client). Therefore, based on this record, we conclude that a two-year suspension with conditions on reinstatement is the warranted sanction in this case. Accordingly, it hereby is ordered that Stewart be suspended for a

period of two years from the date of this opinion and that within 120 days of her reinstatement she submit to an evaluation and assessment of her practice management procedures by the State Bar of Georgia's Law Practice Management Program ("LPMP") or by an independent consultant selected by LPMP and within three months thereafter, provide certification from an independent consultant that she has complied with the administrative and/or operational changes recommended. If Stewart fails to comply with the reinstatement condition, she will be subject, on the State Bar's motion, to immediate suspension or other discipline as ordered by the Court. Stewart is reminded of her duties under Bar Rule 4-219.

*Two-year suspension with conditions. All the Justices concur.*

DECIDED MAY 17, 2006 —
RECONSIDERATION WITHDRAWN JULY 17, 2006.

*William P. Smith III, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.