S08Y0168. IN THE MATTER OF ALICE CALDWELL STEWART.
(658 SE2d 573)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that Respondent Alice Caldwell Stewart violated Rules 1.3, 1.4, 1.16 (d) and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.3 is disbarment, while the maximum sanction for a single violation of Rule 1.4, 1.16 (d) or 9.3 is a public reprimand. The State Bar asserts that due to the facts of this

case and Stewart's prior disciplinary record, an indefinite suspension is the appropriate sanction for her violations. We agree.

According to the Notice of Discipline, Stewart accepted payment to represent a client in the appeal of a criminal conviction; she entered an appearance in that case and undertook some actions on the client's behalf, but ceased working on the case before the appeal was heard; Stewart abandoned the client and failed to keep him informed of the status of his case; she never requested that she be allowed to withdraw; she never returned case materials or any unearned fee to the client; and she failed to timely answer the properly-served Notice of Investigation regarding these allegations. Further, Stewart failed to file a Notice of Rejection despite being properly served by publication with the Notice of Discipline pursuant to Bar Rule 4-203.1 (b) (3) (ii). Therefore, she is in default, has waived her rights to an evidentiary hearing and is subject to such discipline as may be determined by this Court. See Bar Rule 4-208.1 (b).

Based on our review of the record, which contains no explanation from Stewart, we find that Stewart violated Rules 1.3, 1.4, 1.16 (d) and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). We note in aggravation that Stewart has been twice suspended, see *In the Matter of Stewart*, 280 Ga. 821 (631 SE2d 106) (2006) ("*Stewart I*") (two-year suspension for abandonment of a client), and *In the Matter of Stewart*, 282 Ga. 337 (647 SE2d 53) (2007) (concurrent, indefinite suspension with conditions on reinstatement, for neglect of numerous clients) ("*Stewart II*"); that she accepted a letter of admonition in December 1983 regarding an incident wherein she improperly obtained access to, and reviewed, a police officer's confidential notes regarding her client and that she received a Review Panel Reprimand on October 27, 2000 for wilfully, and without just cause, abandoning a client. We further take note, however, that the incidents in issue here occurred during the same period of time as the incidents which gave rise to Stewart's prior indefinite suspension and that during this time period Stewart may have been laboring under a medical impairment which the State Bar has considered in the past. Based on this fact, we accept the recommendation of the Investigative Panel and hereby impose, as discipline for Stewart's current actions, an indefinite suspension, to run concurrently with the previously-imposed suspensions. Further, we impose the same conditions on Stewart's reinstatement as were set out in *Stewart II*, specifically: Stewart will promptly undergo evaluation and treatment at a medical facility approved by the State Bar and its Lawyer Assistance Program; return all client files, or provide an explanation of her inability to return the materials; and return all unearned attorney fees. Prior to reinstatement, she will demonstrate to the satisfaction of the Review Panel that her medical providers have certified that she

is not impaired within the meaning of Rule 4-104 and that she has met all the above requirements.

*Indefinite suspension with conditions. All the Justices concur, except Hunstein, P. J., and Carley, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

The Investigative Panel of the State Bar found that Stewart violated Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to her), among several other rules set forth in the Rules of Professional Conduct. Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.3 is disbarment. Stewart did not timely respond to the Notice of Discipline and she is thus in default and is subject to such discipline as this Court may determine. Bar Rule 4-208.1 (b). This Court has already suspended Stewart twice, once for two years for abandonment of a client, *In the Matter of Stewart*, 280 Ga. 821 (631 SE2d 106) (2006), and again in the following year with a concurrent indefinite suspension for the neglect of numerous clients. *In the Matter of Stewart*, 282 Ga. 337 (647 SE2d 53) (2007). As the majority notes, Stewart has provided no explanation for her behavior in this case and the record is completely devoid of any mitigating factors. Given Stewart's extensive disciplinary history, I see no reason to impose yet another suspension and would instead disbar Stewart for her violation of Rule 1.3. See also Bar Rule 4-103 (finding of third disciplinary infraction shall, in and of itself, constitute grounds for disbarment). Accordingly, I respectfully dissent to the majority's imposition of an indefinite suspension in this disciplinary case.

I am authorized to state that Justice Carley joins this dissent.

DECIDED MARCH 10, 2008.

*William P. Smith III, General Counsel State Bar, Rebecca Ann Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.