FINAL COPY
294 Ga. 615

S14Y0330.  IN THE MATTER OF BENJAMIN SCOTT ANDERSON.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Benjamin Scott Anderson (State Bar No. 417095); the petition addresses grievances filed by three clients.  Anderson seeks the imposition of an indefinite suspension of no less than six months, with conditions for reinstatement.

Anderson, who was admitted to the Bar in 2008, is currently under suspension for non-payment of dues.  With regard to the three matters, Anderson admits that he accepted representation of three separate clients, but failed to complete the matters for which he was retained.  He failed to fully communicate with his clients when he ceased working on their matters and failed to timely refund unearned fees.  He also made an agreement with one client to refund fees if the client refrained from filing a grievance, but he has now agreed to refund all unearned fees without condition.  He admits that by this conduct he has violated Rules 1.3, 1.4,  1.16 (d), and 9.2 of the Georgia

Rules of Professional Conduct found in Bar Rule 4-102 (d). A violation of Rules 1.3 and 9.2 is punishable by disbarment; a violation of Rules 1.4 and 1.16 (d) is punishable by a public reprimand.

He offers in mitigation the following: he has no prior disciplinary history; during the time he was representing these clients he was struggling with alcohol addiction, but that he has begun a treatment program; he has expressed remorse personally to his clients; he has agreed to refund all unearned fees; and he has been cooperative in the disciplinary process. He requests an indefinite suspension of no less than six months, with reinstatement conditioned on his providing a report from a licensed therapist or physician that he has maintained compliance with his treatment plan, along with documentation of his participation in SMART Recovery, an addiction recovery support group, and documentation of restitution to his clients as set forth in his petition for voluntary discipline.

The State Bar believes that the discipline requested and the conditions for reinstatement are appropriate.

Having considered the petition and response, we have determined that the appropriate sanction is a suspension of 12 months, with the conditions for

reinstatement set forth above. Anderson is reminded of his duties pursuant to Bar Rule 4-219 (c).

At the conclusion of the suspension imposed in this matter, if Anderson wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that he has complied with the conditions for reinstatement imposed in connection with the 12-month suspension. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

Twelve-month suspension with conditions. All the Justices concur.

Decided February 24, 2014.

Suspension.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.