## S17Y0346. IN THE MATTER OF WILLIAM D. HENTZ.
### (794 SE2d 649)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Thomas M. Cole, recommending that the Court accept the petition for voluntary discipline filed by William D. Hentz (State Bar No. 348206) and recommending imposition of a suspension of at least twelve months with conditions for reinstatement.

The State Bar filed Formal Complaints in State Disciplinary Board ("SDB") Docket Nos. 6760, 6761, 6762, 6763, and 6764, charging Hentz, who has been a member of the Bar since 1983, with violations of the Georgia Rules of Professional Conduct 1.3, 1.4, 1.16 (d) and 9.3. Hentz filed Answers to the various Complaints and subsequently filed his petition for voluntary discipline pursuant to Bar Rule 4-227 (c) (1). In his petition, Hentz admits that this Court accepted the voluntary surrender of his license in July 2001, see *In the Matter of Hentz*, 274 Ga. 121 (549 SE2d 400) (2001), and that he was reinstated in November 2007.

As to SDB Docket No. 6760, Hentz admits the following: a client retained him to provide representation regarding the client's brother's life insurance policy; although he investigated the client's matter, he failed to keep the client apprised of the work he was doing, failed to respond to the client's phone calls and letters, and failed to refund the fee the client paid him that he did not earn; and he was personally served with a Notice of Investigation regarding the matter but failed to respond in accordance with the Bar Rules.

As to SDB Docket No. 6761, Hentz admits the following: a client retained him to help her obtain visitation with her son during the approaching holidays; he told the client he would be able to file an appropriate motion so that she would have visitation with her son; he failed to respond to the client's phone calls until after the holidays had passed; although he worked on the case, he failed to get the client visitation with her son during the holidays; and he was personally served with a Notice of Investigation regarding the matter but failed to respond in accordance with the Bar Rules.

As to SDB Docket No. 6762, Hentz admits the following: he represented a client in a lawsuit; he failed to file an answer on the client's behalf and allowed the lawsuit to go into default; in his response to the opposing party's motion for default and in his motion for new trial, he stated that at times relevant to the court proceeding, he lacked the mental capacity to practice law; he abandoned the client's legal matter without just cause and to the client's detriment;

and he was personally served with a Notice of Investigation regarding the matter but failed to respond in accordance with the Bar Rules.

As to SDB Docket No. 6763, Hentz admits the following: a client retained him to represent her grandson in a probation revocation; he refused to assist the grandson with a blind plea after the court denied bond to the grandson and consequently, was discharged by the grandson; and he was personally served with a Notice of Investigation regarding the matter but failed to respond in accordance with the Bar Rules.

As to SDB Docket No. 6764, Hentz admits the following: a client retained him in a legitimation and custody case; although he filed the client's case, he took no subsequent action on the client's behalf; he failed to respond to the client's phone calls and letters or otherwise communicate with the client; he failed to refund the fee the client paid him that he did not earn; he abandoned the client's legal matter without just cause and to the client's detriment; and he was personally served with a Notice of Investigation regarding the matter but failed to respond in accordance with the Bar Rules.

Hentz admits his conduct in SDB Docket Nos. 6762 and 6764 violated Rule 1.3; his conduct in SDB Docket Nos. 6760, 6761, 6763, and 6764 violated Rule 1.4; his conduct in SDB Docket Nos. 6760, 6761, and 6764 violated Rule 1.16 (d); and his conduct in SDB Docket Nos. 6760, 6761, 6762, 6763, and 6764 violated Rule 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum penalty for a single violation of Rule 1.3 is disbarment. The maximum penalty for a single violation of Rules 1.4, 1.16 (d), and 9.3 is a public reprimand.

In this matter, Hentz requests that this Court impose a suspension of at least twelve months, with specific conditions on his reinstatement, namely, that he repay the unearned fees in SDB Docket Nos. 6760, 6761, 6762, 6763, and 6764, and that, no earlier than three months before requesting reinstatement, he must provide the Bar with certification from a licensed psychologist or psychiatrist stating that he is mentally competent to return to the practice of law. In mitigation of discipline, Hentz states that he suffered significant personal and emotional problems, including his son's suicide, marital problems affecting his marriage of thirty-five years, his wife's diagnosis with a rare cardiac disease, his youngest son's drug addiction and incarceration, his daughter's drug addiction and the termination of her parental rights, his inability to keep up with his Continuing Legal Education requirements, the foreclosure of the building he

owned containing his law office, and the death of his canine companion. In the face of the instant disciplinary proceedings, Hentz contacted the State Bar's Lawyers' Assistance Program and has been in therapy with a psychologist for approximately nine months.

The State Bar filed a response agreeing with the facts and mitigating factors set out by Hentz but also noted that aggravating factors including prior disciplinary offenses, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law are applicable in this case. It applied the ABA Standards for Imposing Lawyer Sanctions, and recommended that the special master and this Court accept Hentz's petition for voluntary discipline requesting a suspension of at least twelve months with reinstatement subject to the conditions detailed in Hentz's petition. The State Bar included several citations in support of this conclusion, explaining that previous disciplinary cases involving the abandonment of client matters in the face of serious personal and emotional problems have resulted in similar discipline. See, e.g., *In the Matter of Koval*, 277 Ga. 880 (596 SE2d 617) (2004); *In the Matter of Ricks*, 289 Ga. 136 (710 SE2d 749) (2011); and *In the Matter of Anderson*, 294 Ga. 615 (755 SE2d 204) (2014). The special master recommends accepting Hentz's petition for voluntary discipline.

Having reviewed Hentz's petition, the State Bar's response, and the Report and Recommendation of the special master, we agree that a suspension is the appropriate sanction in this matter. Accordingly, the Court accepts the petition for voluntary discipline and imposes a two-year suspension with reinstatement subject to the conditions detailed in Hentz's petition. See *In the Matter of Bagwell*, 286 Ga. 511 (689 SE2d 316) (2010); *In the Matter of Stewart*, 280 Ga. 821 (631 SE2d 106) (2006). At the conclusion of the suspension imposed in this matter, Hentz may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions on reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Hentz is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Two-year suspension with conditions. All the Justices concur.*

DECIDED DECEMBER 8, 2016.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.