S99Y1593, S99Y1615. IN THE MATTER OF DEWEY N. HAYES, JR. (two cases).
(532 SE2d 371)

PER CURIAM.

These disciplinary matters are before the Court on the Report of the Review Panel of the State Disciplinary Board issued July 1, 1999 recommending that the Respondent, Dewey N. Hayes, Jr., be suspended from practicing law for a period of 18 months with certain conditions to be met prior to reinstatement for his admitted violations of Standard 65 (D) (commingling of attorney's personal funds with those held in a fiduciary capacity on behalf of clients and failure to properly maintain and administer attorney trust account) of Bar Rule 4-102 (d). Both the State Bar and Respondent filed exceptions to the recommendation of the Review Panel, with the State Bar asking that Respondent be disbarred and Respondent requesting a suspension of no more than five months with conditions for reinstatement. On July 27, 1999 the instant case was docketed in this Court.

In its report and recommendation, the Review Panel accepted and approved the findings of fact and conclusions of law set forth in the Report of the Special Master filed March 18, 1999. A brief review of the history of the proceedings in these matters reveals that the State Bar filed two separate Formal Complaints against Respondent alleging the constant misuse of his client trust accounts, primarily during an eight-month period beginning November 30, 1992 through July 30, 1993, and alleging Respondent's unauthorized endorsement of a check and other violations arising out of Respondent's alleged mismanagement of his trust accounts. After protracted proceedings

in both disciplinary matters, the State Bar and Respondent each proffered motions for partial summary judgment and thereafter agreed to stipulate that Respondent would admit to a violation of Standard 65 (D) of Bar Rule 4-102 (d) on one or more occasions as alleged in Count IX of the Formal Complaint, as amended, in State Disciplinary Board Docket No. 2746. Following this stipulation, a hearing was held on September 25, 1997, during which the special master considered evidence in aggravation and mitigation of Respondent's admitted violations of Standard 65 (D) in order to determine an appropriate discipline. Subsequently, the State Bar and Respondent filed a "Joint Request for Findings of Fact and Conclusions of Law; Joint Request for Merger of Disciplinary Recommendation" in State Disciplinary Board Docket No. 3060. As a result, the special master issued only one report encompassing both disciplinary proceedings (No. 2746 and No. 3060).

Based on the evidence presented at the hearing, the special master found that, at various times during the eight-month period under consideration, Respondent's trust account contained substantial negative balances. Accordingly, the special master concluded that Respondent's personal use of the trust account constituted continuing and serious violations of his duty as an attorney. In mitigation, however, the special master noted, among other things, that Respondent suffered from a major depressive disorder and certain physical ailments; that no clients were actually injured through the loss of funds due to his misuse of the trust account in that all deficiencies were "covered" by subsequent deposits; that, following the initiation of disciplinary proceedings, Respondent restructured the management of his law office; obtained therapy and medication directed toward his physical and psychological problems; exhibited a marked improvement in his personality and ability to function; obtained and followed State Bar of Georgia programs directed to the management of law offices; and presented testimony and evidence regarding his capability to practice law, his reputation in the legal community, his character, and his involvement in the community at large. In aggravation, the special master noted Respondent's substantial experience in the practice of law. Although the special master recommended that Respondent's license be suspended for a period of 36 months with conditions for reinstatement, the Review Panel concluded that this sanction was too harsh.

Having reviewed the record, this Court accepts the Review Panel's findings of fact. Moreover, as the evidence is unrefuted that Respondent suffered for a number of years with depression, that none of his clients failed to receive funds timely and in full, that he has since obtained professional help for his physical and psychological problems, and that he has changed the way he runs his law prac-

tice, this Court believes that the Review Panel's recommendation of an 18-month suspension is an appropriate sanction under the circumstances. Accordingly, we hereby suspend Respondent's license to practice law in the State of Georgia for 18 months from the date of this order. Further, this Court imposes as conditions for reinstatement that Respondent (1) submit reasonable and satisfactory proof of his continuation of psychological treatment and the results thereof to the Office of the General Counsel of the State Bar; (2) seek, implement and demonstrate the implementation of such law office management programs as are offered by the State Bar of Georgia and which are reasonable and economical for a law office of like kind and in a like locale; and (3) demonstrate his compliance with conditions 1 and 2 to the Office of the General Counsel of the State Bar prior to applying for reinstatement.

Respondent Hayes is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension from the date of this order with conditions for reinstatement. All the Justices concur.*

DECIDED MAY 2, 2000.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Perales, Fernandez & Rosner, Ralph Perales*, for Hayes.