S01Y0855. IN THE MATTER OF JERRY WAYNE FRAZIER.
(546 SE2d 272)

PER CURIAM.
After the Investigative Panel of the State Disciplinary Board of the State Bar of Georgia determined there was probable cause to charge respondent Jerry Wayne Frazier with a violation of Standard 65 of the Standards of Conduct set forth in Bar Rule 4-102 (d), the State Bar filed a formal complaint which alleged that respondent had violated Standards 65 (A) and (D).[1] The complaint alleged that respondent had maintained an attorney trust account and, over a three-month period in 1999, had written seven checks on that account for amounts between $20 and $70, all of which were returned for lack of sufficient funds. It was also alleged that respondent had written a number of checks on the attorney trust account for personal expenses during 1999, that respondent had commingled his personal funds with his clients' funds in the trust account, that the funds withdrawn from the account were not earned attorney fees, and that respondent had failed to account for the clients' money held by respondent in a fiduciary capacity.

Due to respondent's failure to file an answer to the personally-served complaint, respondent was ruled to be in default and the facts alleged and violations charged in the formal complaint were deemed admitted. Rule 4-212 (a). After receiving a report from the State Bar recommending that respondent be suspended from the practice of law, and a report from respondent in which he sought imposition of a formal admonition (see Bar Rule 4-102 (b) (6)), the special master

---

[1] Standard 65 (A) states that a lawyer shall not commingle his client's funds with his own, and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in a fiduciary capacity. Standard 65 (D) requires that records on trust accounts be kept and maintained so as to reflect the exact balance held at all times, and that no funds be withdrawn from the trust account for the personal use of the attorney maintaining the account except earned attorney fees debited against the account and recorded as such. Violation of either standard is punishable by disbarment.

issued a recommendation that respondent be suspended for two years and be required to meet certain conditions prior to being reinstated to the practice of law. At respondent's request, the Review Panel examined the record. The Review Panel adopted the special master's findings of fact and conclusions of law and recommended a one-year suspension and imposition of conditions for reinstatement. Neither respondent nor the State Bar filed written exceptions to the Review Panel's report.

We agree with the Review Panel's findings and recommendation of a one-year suspension from the practice of law, with conditions to be met prior to reinstatement. There is no evidence or allegation that respondent's improper behavior resulted in clients failing to receive funds timely or in full, and respondent has no prior disciplinary record, the conduct occurred at a time when respondent was admitted to practice for less than three years. Under similar circumstances, we have imposed 18-month suspensions. See *In re Hayes*, 272 Ga. 376 (532 SE2d 371) (2000); *In re Weems*, 270 Ga. 145 (507 SE2d 736) (1998). Accordingly, respondent is hereby suspended from the practice of law in Georgia for one year from the date of this opinion. He may be readmitted to practice only after (1) attending a current Bridge-the-Gap program and current Ethics School program; (2) submitting his trust account records for a successful audit by an appropriate representative of the General Counsel of the State Bar; (3) receiving a positive evaluation of his law practice by a private law management program consultant, approved by the Law Practice Management Program, at his expense; and (4) demonstrating successful compliance with these conditions to the Review Panel. Respondent is reminded of his duties under Bar Rule 4-219 (c), including his duties to cease the practice of law in Georgia; to notify his clients of his inability to represent them and the need for them to obtain new counsel promptly; to take all actions necessary to protect the interests of his client; and to certify to this Court compliance with these requirements.

*One-year suspension with conditions prior to reinstatement. All the Justices concur.*

DECIDED APRIL 30, 2001 —
RECONSIDERATION DENIED JUNE 6, 2001.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.