### S10Y0411. IN THE MATTER OF BENJAMIN LANIER BAGWELL.
#### (689 SE2d 316)

PER CURIAM.

This matter is before the Court on Benjamin Lanier Bagwell's petition for voluntary discipline in which he seeks a suspension ranging from six months to two years, with conditions for reinstatement. The State Bar recommends acceptance of the petition and imposition of a two-year suspension with conditions for reinstatement.

The record shows that five former clients have filed grievances against Bagwell. In his petition Bagwell admits that in connection with his representation of these clients he failed to communicate with his clients and he failed to timely and properly pursue the legal matters entrusted to him. As a result of his misconduct, three of the clients had adverse rulings entered against them. He admits that by his conduct he has violated Rules 1.3, 1.4, and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment and for Rules 1.4 and 3.2, the maximum sanction is a public reprimand.

Bagwell offers, and the State Bar accepts, as mitigating factors that Bagwell has acknowledged the consequences of his misconduct; has demonstrated a cooperative attitude toward disciplinary proceedings; and was laboring under impairments. Specifically, Bagwell admits that he has been diagnosed with Bi-Polar Disorder, attention deficit hyperactivity disorder, major depressive disorder, and generalized anxiety disorder, and has undergone in-patient psychiatric evaluation. Additionally, he has been under mental and emotional strain as a result of marital difficulties. Bagwell states, and the State Bar does not dispute, that Bagwell has refunded retainers to his clients and in one instance has voluntarily paid a client $12,000 in an effort to make the client whole. In aggravation, the record shows that in 2007 Bagwell received a Formal Letter of Admonition.

Having reviewed the record, the Court agrees that a two-year suspension is appropriate, with the condition that any reinstatement be conditioned upon certification of Bagwell's fitness to practice law.

Accordingly, the Court accepts the petition for voluntary discipline and directs that Benjamin Lanier Bagwell be suspended from the practice of law for two years, effective as of the date of this opinion. We further direct that Bagwell's reinstatement to the Bar be

conditioned upon Bagwell providing to the Review Panel certification from a board certified psychiatrist that he is fit to practice law and is mentally competent, and upon the Review Panel's finding that he is not impaired within the meaning of Bar Rule 4-104 and that he is fit and mentally competent to return to the practice of law. Bagwell is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with conditions. All the Justices concur, except Hunstein, C. J., who dissents.*

HUNSTEIN, Chief Justice, dissenting.

Based on Bagwell's admitted conduct, I disagree that suspension is an appropriate discipline. Because I would disbar Bagwell, I respectfully dissent.

DECIDED FEBRUARY 8, 2010.

*Paula J. Frederick, General Counsel State Bar, Rebecca Ann Hall, Assistant General Counsel State Bar*, for State Bar of Georgia. *Michael J. Thomerson*, for Bagwell.