S10Y1473. IN THE MATTER OF JEFFREY G. GILLEY.

(697 SE2d 833)

PER CURIAM.

This matter is before the Court on the petition for voluntary discipline filed by Respondent Jeffrey G. Gilley (State Bar No. 294866). Respondent requests that he be suspended indefinitely and until such time as he submits the report of a psychiatrist that he is mentally fit to return to the practice of law. The State Bar has filed a response recommending that Respondent be indefinitely suspended with conditions. In his petition, Respondent admits to violating Rules 1.2 (a), 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment and the maximum sanction for a violation of Rules 1.4 and 1.16 is a public reprimand.

Respondent admits that in connection with the representation of two separate clients he failed to file civil suits on their behalf within the applicable statutes of limitation and that he thereafter failed to communicate with his clients and failed to respond to grievances they filed. He attributes his lack of diligence in these matters to severe depression, from which he has suffered since 2003 and which was exacerbated by the suicide of his law partner in 2007. He is currently being treated for his mental illness by a pyschiatrist and has no record of any prior discipline. He has made monetary

settlement offers to the two former clients, but those matters remain unresolved. He has not taken any new cases since 2007, has closed his law office, and stopped practicing law in 2009. Additionally, his lawyers have attempted to find new lawyers for his few remaining clients.

The State Bar has recommended acceptance of the petition and imposition of an indefinite suspension with conditions similar to those imposed in *In the Matter of Lisa Paige Lenn*, 280 Ga. 633 (632 SE2d 89) (2006).

Having reviewed the record, we agree that an indefinite suspension is appropriate in this case in light of Respondent's mental condition. Accordingly, it hereby is ordered that Respondent be suspended from the practice of law indefinitely with the following additional conditions: (1) Respondent shall continue treatment with a board-certified psychiatrist for evaluation, treatment and monitoring of any condition the psychiatrist deems appropriate; (2) Respondent shall provide any and all waivers required to allow his psychiatrist to provide information to the Office of the General Counsel of the State Bar of Georgia concerning his condition, treatment, and progress; and (3) Respondent may seek reinstatement to the Bar by (a) obtaining from his psychiatrist a written certification that he exhibits no symptoms of any condition that would make him a danger to the public or to his clients in the course of his practice of law; (b) serving the psychiatrist's certification upon the Office of the General Counsel of the State Bar of Georgia and then obtaining from that Office a written certification that its records reflect no indication that Respondent has engaged in conduct making him a danger to the public or clients in the course of his practice of law; (c) providing both certifications to the State Disciplinary Board; and (d) filing with the Review Panel of the State Disciplinary Board a request for reinstatement of his license to practice law, which request establishes that he has satisfied all conditions for reinstatement. We further order that upon receipt of Respondent's request for reinstatement and any response from the State Bar, the Review Panel shall review the matter and issue a report and recommendation regarding Respondent's request for this Court's consideration.

*Indefinite suspension. All the Justices concur.*

DECIDED JULY 12, 2010.

*Hudson, Montgomery & Kalivoda, David R. Montgomery, Kenneth Kalivoda,* for Gilley.

*Paula J. Frederick, General Counsel State Bar, Jonathan W.*

*Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.