## S11Y0601. IN THE MATTER OF JENNIFER DAWN LeDOUX.
### (707 SE2d 88)

PER CURIAM.

This matter is before the Court pursuant to the petition for voluntary discipline filed by Respondent Jennifer Dawn LeDoux (State Bar No. 443103) pursuant to Bar Rule 4-227 (b) prior to the issuance of a Formal Complaint. LeDoux seeks to resolve a pending disciplinary matter which charges her with violating various Georgia Rules of Professional Conduct including Rules 1.3, 1.4, 1.15 (I) (b), and 1.16 (a) (2), see Bar Rule 4-102 (d). Although the maximum penalty for a violation of either Rule 1.3 or 1.15 (I) (b) is disbarment, LeDoux requests the imposition of an indefinite suspension pursuant to Bar Rule 4-104 (mental incapacity and substance abuse) with conditions on reinstatement. The State Bar has responded, indicating that it has no objection to LeDoux's petition.

LeDoux, who has been a member of the Bar since 2003, admits that in 2006 she represented a client in two matters: a Spring 2006 loan refinance and a submission of a property loss claim to an insurance company based on a house fire; that the client filed a lawsuit against her in November 2006 relating to these two matters; and that the lawsuit has now been settled. In connection with the refinance, LeDoux admits that she failed to verify the existing loan's pay-off and, as a result, the loan was not completely paid off in the refinance transaction. She asserts that the client's original loan has now been paid off through the settlement of the lawsuit. As to the other representation, LeDoux asserts that after the real estate closing, the client retained her to perform legal work in connection with the property loss claim and other issues; that the work was covered by a written retainer agreement which allowed LeDoux to pay outstanding legal fees first out of any property settlement fees received from the insurance company; that after she encountered difficulties in getting timely payments on her client's claim from the insurance company, she issued her client a check (from her earned fees) which was meant to provide the client with liquid funds while the client awaited further payment from the insurance company; and that later, due to a miscommunication, she issued her client a check from her trust account that was returned for insufficient funds. Shortly thereafter, LeDoux was hospitalized for psychiatric treatment due to an acute mental health episode and sedative-hypnotic dependence and was not allowed any type of outside communication. While she was hospitalized, the client sent an e-mail terminating the representation, at a time the client owed LeDoux more than $75,000 in legal fees. LeDoux recounts her mental health diagnosis and the facts that led to the acute episode in July 2006, which included a difficult divorce and domestic violence. She recites the extensive treatment that she has received since the episode and the significant steps she has taken to address her condition. LeDoux asserts that she has not practiced law since her hospitalization and has no immediate plans to do so, although she would like to preserve her ability to practice law again when she is able.

We have reviewed the record and find that LeDoux has admitted conduct which violates Rules 1.3, 1.4, 1.15 (I) (b), and 1.16 (a) (2). In mitigation, we find that LeDoux has no prior disciplinary history; that the complained-of conduct occurred at a time when she was suffering an acute mental health episode that ultimately resulted in her hospitalization in two different mental health facilities; that she is taking aggressive steps to address her mental health and substance abuse issues; that she has not practiced law since July 2006; that she acknowledges her misconduct and accepts responsibility for it; and that she is deeply sorry for any harm she may have caused her former client.

Accordingly, we accept LeDoux's petition for voluntary discipline and hereby impose an indefinite suspension of no less than one year pursuant to Bar Rule 4-104 (mental incapacity and substance abuse) with the following conditions for reinstatement:

(1) Enrollment in the State Bar Lawyer Assistance Program (LAP) in Georgia (or similar program in Alabama, where LeDoux now lives) for evaluation, treatment, and monitoring of any condition that the LAP may determine appropriate. In connection with enrollment, LeDoux agrees to sign any waiver necessary to allow the LAP to provide information to the Office of General Counsel of the State Bar of Georgia concerning her condition, treatment, and progress.

(2) Certification from the LAP that, based on its review of records, LeDoux exhibits no condition that would make her a danger to the public or her clients in the course of her practice of law; and

(3) Written certification from a licensed psychologist that, at the time of application for reinstatement, LeDoux has no mental or emotional health conditions that would adversely impact her ability to practice law, specifically, but not limited to, bipolar disorder.

In addition, every six months for the first 24 months following resumption of the active practice of law, LeDoux shall forward to the State Bar a new medical certificate as described in condition (3) above. Should LeDoux fail to provide a follow-up certificate, the Office of General Counsel may apply for a show cause hearing. LeDoux is reminded of her duties under Bar Rule 4-219.

*Indefinite suspension. All the Justices concur.*

DECIDED MARCH 7, 2011.

*Carlock, Copeland & Stair, Cheryl H. Shaw*, for LeDoux.
*Paula J. Frederick, General Counsel State Bar*, for State Bar of Georgia.