## S11Y0612. IN THE MATTER OF MELVIN RICKS.
### (710 SE2d 749)

PER CURIAM.

This matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Melvin Ricks[1] wherein he admits violating Rules 1.3,[2] 1.4[3] and 1.16 (a) (2) and (d)[4] of the Georgia Rules of Professional Conduct. See Rule 4-102 (d), Rules and Regulations of the State Bar of Georgia. In his petition, Ricks seeks resolution of three State Disciplinary Board actions through the imposition of an indefinite suspension of not less than one year, with conditions for reinstatement. The State Bar does not object to acceptance of the petition.

In each of the three actions Ricks accepted money to represent a client in separate domestic relations matters and either performed none, or only some, of the work. In each case Ricks admits he did not complete the work for which he was retained, did not communicate with his client and did not refund the client's fee. In mitigation of his actions, Ricks explains that he began to suffer from debilitating depression during this time period and, while he sought treatment,

---

[1] State Bar No. 604677.

[2] Rule 1.3 requires a lawyer to act with reasonable diligence and promptness in representing a client and prohibits a lawyer from willfully abandoning or disregarding without just cause a legal matter entrusted to the lawyer. A violation of Rule 1.3 may be punished by disbarment.

[3] Rule 1.4 requires a lawyer to, among other things, keep a client reasonably informed about the status of matters and to comply promptly with reasonable requests for information. The maximum penalty for violation of Rule 1.4 is a public reprimand.

[4] Rule 1.16 (a) (2) requires a lawyer to decline to represent a client or to withdraw from representation of a client if the lawyer's physical or mental condition impairs the lawyer's ability to represent the client; and Rule 1.16 (d) requires a lawyer, upon termination of representation, to take reasonable steps to protect the client's interests, including surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The maximum penalty for a violation of Rule 1.16 is a public reprimand.

he did not take the prescribed medication or follow through with a therapist. His family obtained inpatient treatment for him at an institution where he was diagnosed as suffering from severe depression and bi-polar illness. Although his condition did not improve after the ten-day inpatient treatment, Ricks cooperated with the State Bar's Lawyer's Assistance Program, which referred him to a therapist who referred him to a county mental health facility where he continued to receive treatment. He has relocated to California to be near family and is being treated there by a doctor through a county mental health department and a wellness center. Ricks states he has been candid with the State Bar about his mental illness, has provided records from his treatment providers, accepts responsibility for his misconduct, and has no prior disciplinary history. Ricks asks for the imposition of not less than a one-year suspension from the practice of law in Georgia, with reinstatement conditioned on him providing: a psychiatric evaluation performed by a psychiatrist in Georgia whose credentials are acceptable to the Office of General Counsel of the State Bar; a certification of his fitness to practice law from the psychiatrist who performs the evaluation; and proof of payment of restitution to the three affected clients in the amounts set forth in Ricks' petition ($350, $450, and $700).

We have reviewed the record and agree that a suspension of no less than one year, with reinstatement conditioned as set forth above, is an appropriate sanction in this case. See *In the Matter of LeDoux*, 288 Ga. 777 (707 SE2d 88) (2011); *In the Matter of Gilley*, 287 Ga. 584 (697 SE2d 833) (2010) (indefinite suspensions with reinstatements conditioned on meeting specified criteria for violations of Rules 1.3, 1.4, 1.16 (a), among others). Accordingly, we hereby order that Melvin Ricks be suspended from the practice of law in the State of Georgia for a period of no less than one year from the date of this opinion, and that he comply with the conditions described above in order to be reinstated. He is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with conditions for reinstatement. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.