S12Y1779. IN THE MATTER OF KATHRYN J. JACONETTI.
(732 SE2d 447)

PER CURIAM.

This matter is before the Court on the report and recommendation of the special master, Walter P. Rowe, recommending that the Court accept a petition for voluntary discipline filed by Kathryn J. Jaconetti (State Bar No. 388491). The report addresses eight formal complaints arising out of Jaconetti's neglect or abandonment of eight clients and recommends that the Court impose a three-year suspension, with conditions, including restitution to her clients and proof that she is mentally competent and not impaired.

In 2009 and 2010 the State Bar filed four formal complaints against Jaconetti. She submitted a petition for voluntary discipline, but the special master rejected it. Subsequently, the State Bar filed three additional formal complaints and entered into a consent agreement with Jaconetti for her to undergo a psychiatric evaluation. After the psychiatrist's report was issued, the State Bar filed its eighth formal complaint. Jaconetti then submitted an amended petition for voluntary discipline and, after further negotiations with the Bar, filed her second amended petition.

Jaconetti, who has been a member of the State Bar since 2000, now maintains her residence in Florida, but formerly operated her law practice in Fulton County. Based on the admissions in her petition, the special master found that Jaconetti over a period of several years neglected civil and criminal matters involving eight clients, often with harm to the client; failed to communicate in a timely and effective way with her clients; and failed to account for fees received or to refund unearned fees.

The special master concluded that, based on Jaconetti's conduct in these eight matters, she violated Rules 1.2, 1.3, 1.4, 1.7, 1.16 (d), and 8.4 (a) (4) of State Bar Rule 4-102 (d). A violation of Rules 1.2, 1.3, 1.7, and 8.4 (a) (4) is punishable by disbarment, and a violation of Rules 1.4 and 1.16 (d) is punishable by a public reprimand.

The special master noted that Jaconetti admitted that she was not currently mentally competent to practice law. His report discussed in detail the mitigating circumstances he found related to a series of personal and physical problems Jaconetti faced beginning in 2005, including the fact that she worked for several years with

undiagnosed and untreated Bipolar Disorder. The special master found that Jaconetti has sought professional help for her mental health issues on a regular basis since 2009 and is now under the care of a board-certified psychiatrist and receiving treatment. The special master also considered as aggravating circumstances that Jaconetti had a prior disciplinary history, having received an Investigative Panel Reprimand in 2007; these matters show a pattern of misconduct; and Jaconetti has exhibited indifference to making restitution.

The special master correctly concluded that the primary purpose of lawyer discipline is not to punish the attorney, but to protect the public from incompetent lawyers, *In the Matter of Adams*, 291 Ga. 173 (729 SE2d 313) (2012). He noted that there is evidence in this case that Jaconetti's conduct is likely attributable in whole or part to personal and physical problems, undiagnosed Bipolar Disorder, and severe emotional stress. Having carefully considered the special master's report and reviewed the record, we conclude that the recommendation of a three-year suspension with significant conditions on reinstatement is the appropriate sanction and is consistent with discipline imposed in similar cases. See, e.g., *In the Matter of Ricks*, 289 Ga. 136 (710 SE2d 749) (2011); *In the Matter of LeDoux*, 288 Ga. 777 (707 SE2d 88) (2011); *In the Matter of Bagwell*, 286 Ga. 511 (689 SE2d 316) (2010).

Accordingly, the Court accepts Jaconetti's second amended petition for voluntary discipline and hereby directs that Kathryn J. Jaconetti be suspended from the practice of law for three years. We further direct that Jaconetti's reinstatement to the Bar be conditioned on her providing the Review Panel with certification from her psychiatrist, or a physician acceptable to the Office of General Counsel, that she is fit to practice law and is mentally competent; certification by the Review Panel that she is not impaired within the meaning of Bar Rule 4-104; a waiver of confidentiality of records of providers from whom she receives treatment during the suspension; and proof that she has paid restitution to the six clients who have not yet been repaid the sums owed. Specifically, Jaconetti must provide proof that she has paid the following sums to these former clients, as identified by the respective State Disciplinary Board Docket (SDBD) cases: (1) $5,000 to C.W. (SDBD # 5560), (2) $80,263.20 to G.P. (SDBD # 5667), (3) $500 to D.C. (SDBD # 5785), (4) $2,000 to M.C. (SDBD # 5868), (5) $500 to W.T. (SDBD # 5867); and (6) $5,000 to J.V.L. (SDBD # 5948). If Jaconetti is unable to locate any of these individuals, she shall provide an affidavit to the Review Panel showing the efforts she has made to locate the individual. Jaconetti is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Three-year suspension. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia. *Cohen, Cooper, Estep & Allen, Gene Chapman*, for Jaconetti.

