300 Ga. 479
FINAL COPY

S16Y0723, S16Y0724, S16Y0725.  IN THE MATTER OF
SHANINA NASHAE LANK (three cases).

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of Shanina Nashae Lank (State Bar No. 808541).  The State Bar attempted to serve Lank personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Lank by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii), and contemporaneously mailed a copy of the service documents to her address listed with the State Bar, but she failed to file Notices of Rejection.  Thus, she has waived her right to an evidentiary hearing and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Lank's default, show that with regard to Case No. S16Y0723, Lank agreed to assist a client in a civil suit and

was paid $212.50 to do so. Lank instructed the client not to attend scheduled hearings, Lank and the client failed to appear at a scheduled hearing, and, as a result, the court entered a default judgment against the client. Lank informed the client that she would move to set aside the judgment, but she failed to do so and ceased communicating with the client. Similarly, in Case No. S16Y0724, Lank agreed to assist a client in a civil suit and instructed the client not to attend hearings. Lank did not reply to the client's calls and e-mails, the court entered a judgment against the client, and Lank did not inform the client of the judgment. Finally, in Case No. S16Y0725, SunTrust Bank notified the State Bar that it paid a $59.88 item that presented against insufficient funds in Lank's attorney trust account, which caused her account to have a negative balance of $47.33. As to each matter, the Bar's Office of General Counsel issued a Notice of Investigation, but Lank failed to file a timely sworn, written response, as required by Bar Rule 4-204.3, and failed to file a Notice of Rejection within 30 days following service of the Notice of Discipline, as required by Bar Rule 4-208.3.[1]

---

[1] On March 31, 2015, this Court imposed an interim suspension on Lank due to her failure to file a timely sworn, written response to the Notice of Investigation in Case no. S16Y0723. See In the Matter of Lank, S15Y1051 (Mar. 31, 2015). However, the interim

2

Based on these facts, the Investigative Panel found probable cause to believe that, in Case Nos. S16Y0723 and S16Y0724, Lank violated Rules 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client and shall not wilfully abandon or disregard a legal matter entrusted to her), 1.4 (lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information), 1.16 (d) (upon termination of representation, a lawyer shall take reasonable steps to protect a client's interests, including surrendering papers and refunding any advance payment of fee that has not been earned), and 9.3 (lawyer shall respond to disciplinary authorities in accordance with State Bar Rules), all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). As to Case No. S16Y0725, the Investigative Panel found probable cause to believe that Lank violated Rules 1.15 (I) (safekeeping of property of clients or third persons), 1.15 (II) (safekeeping of property in a trust account or IOLTA account), and 9.3. The maximum sanction for a violation of Rules 1.3, 1.15 (I), and 1.15 (II) (a) and (b)

suspension was lifted on September 29, 2016, after the State Bar filed its Notices of Discipline, because Lank filed an untimely sworn, written response to the Notice of Investigation in all three disciplinary matters, which was deemed an appropriate response by the Bar's Investigative Panel. See Bar Rule 4-204.3 (d).

3

is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.15 (II) (c), 1.16 (d), and 9.3 is a public reprimand. In aggravation of discipline as to each of the matters, the Investigative Panel found that the three matters, taken together, reflected a pattern of misconduct.

Lank subsequently filed Petitions and Revised Petitions for Voluntary Discipline in all three matters in this Court, in which she explained that she did not receive and respond timely to the various notices because she was no longer working and in the office. Lank does not dispute the facts contained in the Notices of Discipline and admits that her conduct as a whole violated Rules 1.3, 1.4, 1.15 (II), and 1.16. As to Case No. S16Y0725, Lank asserts that the $59.88 item that presented against insufficient funds in her attorney trust account was a re-occurring renewal payment for the law firm's website hosting services and that the money in the trust account was personal funds from a $5,000 loan that was made to her and did not contain any client funds.[2]

---

[2] Lank does not admit to violating Rule 9.3, but while she did eventually file sworn, written responses to the Notices of Investigation before filing her Petitions for Voluntary Discipline, she still is in violation of Rule 9.3, as she did not respond to the Notices in timely fashion as required by State Bar Rule 4-204.3 (a). Lank also does not admit to violating Rule 1.15 (I); the State Bar has not explained nor do we perceive the factual basis for that alleged violation.

4

Lank offers in mitigation that leading up to the hearing dates for her clients in Case Nos. S16Y0723 and S16Y0724, she experienced serious medical issues including anxiety disorder, panic attacks, dysthymic disorder, heart palpitations, depression, diabetic complications, muscle spasms, and gastroenteritis. Lank says that she was forced to request emergency leave and requests for continuances for her clients; and her failure to show up for trial in Case No. S16Y0723 resulted in judgment being entered against her client. As to her client in Case No. S16Y0724, Lank says that she had another attorney fill in for her and the attorney told her that a consent judgment was entered against her client, but she failed to properly communicate this information to her client. Lank further explains that, during this time period, she was being treated for her medical issues; the clients at issue were part of the last group of clients that she worked with and she did not take on any additional clients; and she failed to adequately respond to the Notices of Investigation because she was not in the office and did not receive any of the notifications.

Lank asks this Court to impose discipline ranging from a formal admonition to a one-year suspension and, if she is suspended, that her readmission be conditioned upon a board-certified and licensed mental health

professional providing a detailed, written evaluation concluding that she is professionally and mentally competent to practice law. She also offers that, with respect to the judgments entered against her clients in Case Nos. S16Y0723 and S16Y0724, she will pay restitution to them in equal payments over a 12-month period. Finally, she asks that, in the event that a one-year suspension is given, the Court apply it nunc pro tunc because she has not practiced law since January 2014 and, outside the grievances in these three disciplinary matters, all of her ethical obligations have been met.

The State Bar has responded to Lank's petitions. The Bar asserts that, in aggravation, her admitted conduct in the three disciplinary matters shows a pattern of misconduct and multiple offenses, see American Bar Association Standards ("ABA") for Imposing Lawyer Sanctions, Standard 9.22 (c) and (d); she did not submit prompt answers to the Notices of Investigation, reflecting a bad faith obstruction of the disciplinary proceedings, ABA Standard 9.22 (e); and she had substantial experience in the practice of law at the time that these events occurred, ABA Standard 9.22 (i). However, in mitigation, the State Bar notes that Lank has no prior attorney disciplinary record, ABA Standard 9.32 (a); the Bar is not aware of any dishonest or selfish motive, ABA Standard 9.32

(b); she claims to have personal and emotional problems, ABA Standard 9.32 (c) and (h); she has stated that she will pay restitution to her clients for the judgments against them, ABA Standard 9.32 (d), which the State Bar understands to be $2,232.09 in Case No. S16Y0723 and $1,440.00 in Case No. S16Y0724; and Lank is deeply remorseful and has exhibited good character and integrity, ABA Standard 9.32 (g) and (l).

Based on the additional information from Lank's responses and petitions, the State Bar now recommends that, rather than disbarring Lank, this Court accept her request for a one-year suspension with her proposed conditions on reinstatement. However, the State Bar opposes Lank's request for nunc pro tunc application of any suspension, because she failed to provide adequate evidence to show that she met this Court's criteria for retroactive application. See In re Onipede, 288 Ga. 156, 156-157 (702 SE2d 136) (2010).

Having considered the Notices of Discipline along with the additional submissions by the parties, we agree that a suspension of at least one year is the appropriate sanction in these matters for Lank's violation of Rules 1.3, 1.4, 1.15 (II), 1.16, and 9.3. See, e.g., In the Matter of Ricks, 289 Ga. 136 (710 SE2d 749) (2011); In the Matter of Frazier, 273 Ga. 878 (546 SE2d 272) (2001).

7

Accordingly, we hereby order that Shanina Nashae Lank be suspended from the practice of law in the State of Georgia for a period of at least one year, effective as of the date of this opinion; we decline to impose the suspension nunc pro tunc. See Onipede, 288 Ga. at 157. After one year, Lank may seek reinstatement if: (1) she submits a detailed, written evaluation by a board-certified and licensed mental health professional concluding that she is fit to return to the practice of law, and (2) she provides evidence that she has paid restitution to her clients in Case Nos. S16Y0723 and S16Y0724 for the judgments entered against them, plus any accruing interest. When Lank believes that these conditions for her reinstatement have been met, she shall demonstrate compliance in a petition for reinstatement submitted to the Review Panel, which will then issue a report and recommendation to this Court. Lank shall not undertake the practice of law until this Court issues an opinion granting her petition for reinstatement. See In the Matter of Fair, 292 Ga. 308, 309 (736 SE2d 430) (2013). Lank is reminded of her duties under Bar Rule 4-219 (c).

One-year suspension with conditions on reinstatement. All the Justices concur.

Decided January 23, 2017.

Suspension.

Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar, for State Bar of Georgia.