301 Ga. 898
FINAL COPY

S17Y1532.  IN THE MATTER OF JOHN DENNIS DUNCAN.

PER CURIAM.

This case is before the Court on a petition for voluntary discipline filed by John Dennis Duncan (State Bar No. 311056) pursuant to Bar Rule 4-227 (b) prior to the filing of a formal complaint, in an effort to resolve two disciplinary matters through the imposition of a six-to-twelve month suspension with conditions on reinstatement. The State Bar has no objections to the discipline requested.

In the petition, Duncan, who has been a member of the Bar since 2009, admitted, with regard to State Disciplinary Board ("SDB") Docket No. 6922, that he agreed to represent a client in a personal injury case in February 2012; that he did not adequately communicate with the client as the case progressed; that pursuant to the client's authorization, he settled the case for $28,000 and deposited the settlement check in his IOLTA account on October 9, 2013; that he disbursed $28,000 in funds to himself as attorney fees and delivered $2,000

to the client, advising him that the balance had to remain in the trust account while a Medicare lien was negotiated; and that, although he knew the client had been trying to contact him regarding the funds, he failed to adequately communicate with the client and failed to adequately negotiate the lien. The client finally filed a grievance against Duncan in November 2015. Duncan, who had initially agreed to take the client's case for a 40% contingency fee, finally delivered the balance that he owed to the client by transferring $13,880 to the client in October 2016 and another $920 in April 2017. In his petition, Duncan admitted that his conduct in this case violated Rules 1.4, 1.15 (I) (a), and 1.15 (II) (b) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). He agreed, as a way to make amends to the client, to reduce his contingency fee to 33% and to refund the difference to the client in three monthly payments beginning in June 2017 and ending in August 2017.

With respect to SDB Docket No. 6984, Duncan admitted that he agreed to represent another client in or about February 2015, in defense of misdemeanor battery charges in Coweta County; that during the representation, that client was taken into immigration custody; that he directed the client to retain immigration counsel; that when he left his law firm in July 2015, he took

the client's case with him; that in September 2015, he appeared on the client's behalf at a hearing in the battery case and notified the judge that the client was in immigration custody; and that the judge issued a bench warrant to ensure the client would be delivered to Coweta County when he was released from immigration custody. After that time, Duncan admitted that, although the client discharged him, he failed to formally withdraw from the representation. By this conduct, Duncan admitted that he violated Rules 1.4 and 1.16 (c) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

Duncan took full responsibility for his failings and the fact that his clients have suffered as a result of his conduct. Although he admitted that he has no excuse and understands that discipline is appropriate, he offered in mitigation that he has no prior disciplinary history and that his behavior is the result of personal and emotional difficulties, including an addiction, which he is trying to overcome. His difficulties are more fully described in two sealed documents: one is a letter from a licensed professional counselor, and the second is a narrative authored by Duncan himself. Together, the documents describe Duncan's addiction; the reasons that it flared up in 2011, culminating with him hitting rock bottom in 2015; the manner in which it affected Duncan's behavior

3

and caused him to ignore client and family matters to his great peril and to use the money he had access to (including settlement funds from the client in SDB Docket No. 6922) to fuel his addiction; the ways it destroyed his existing practice and his ability to obtain new business; his recognition that he needed help; and his efforts, through counseling, therapy, and recovery groups, to obtain and maintain sobriety. Duncan asserts that he now fully understands what his behavior has wrought; that he has asked the client from SDB Docket No. 6922 for forgiveness; that he is not currently practicing law, having either completed representation of his former clients or referred their matters to other attorneys; that he has relocated to a new state and currently has no plans to practice law; but that he is interested in saving his license. Based on these mitigating factors, Duncan requests that the Court suspend him for a period between six to twelve months, and, in an amendment to his petition, agrees that his reinstatement should be conditioned upon certification from a licensed counselor or therapist that he is fit to practice law and on his own certification that the client from SDB Docket No. 6922 has been refunded the money as set out in the petition.

In its response the Bar points out that the maximum penalty for a violation

4

of Rules 1.15 (I) (a) and 1.15 (II) (b) is disbarment, while the maximum penalty for a violation of Rules 1.4 and 1.16 (c) is a public reprimand. The Bar indicates that it has spoken with Duncan's counselor (with Duncan's permission) and does not dispute the facts in mitigation as detailed by Duncan. The Bar correctly notes that under the ABA Standards for Imposing Lawyer Sanctions, when a lawyer causes injury or potential injury to a client, a suspension is appropriate if the lawyer knew or should have known that he was dealing improperly with the client's property, see Standard 4.12, while a reprimand is generally appropriate if the lawyer is merely negligent or does not act with reasonable diligence in representing his client. See Standard 4.43. The Bar points out, in aggravation, that Duncan's case involves multiple offenses but asserts that, in addition to the mitigating factors recited by Duncan, this case also involves a timely good faith effort to make restitution or rectify the consequences of misconduct, remorse, and a cooperative attitude toward the disciplinary proceedings. The Bar points out that cases involving violations of Rules 1.4, 1.15 (I), 1.15 (II), and 1.16 have resulted in suspensions of six to twelve months where the circumstances are similar to these. See *In the Matter of Lank*, 300 Ga. 479 (796 SE2d 252) (2017) (one-year suspension with conditions for

reinstatement for violations of Rules 1.3, 1.4, 1.15 (II), 1.16, and 9.3); *In the Matter of Terrell*, 291 Ga. 91 (727 SE2d 499) (2012) (six-month suspension for violations of Rules 1.4, 1.15 (I) and 1.15 (II)); *In the Matter of Huggins*, 291 Ga. 92 (727 SE2d 500) (2012) (six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, and 9.3 in five client matters); *In the Matter of LeDoux*, 288 Ga. 777 (707 SE2d 88) (2011) (one-year suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15 (I) (b), and 1.16 (a) (2)). Thus, the Bar urges that the Court accept Duncan's petition so long as it imposes a suspension of six to twelve months in length, with the below stated conditions on reinstatement.

Having reviewed the entire record in this case, we agree that Duncan has violated Rules 1.4, 1.15 (I) (a), 1.15 (II) (b), and 1.16 (c) of the Georgia Rules of Professional Conduct, and thus, he is subject to discipline up to disbarment. Nevertheless, in light of the mitigating circumstances, we accept Duncan's petition for voluntary discipline and hereby impose a suspension of six months with reinstatement conditioned upon Duncan's provision of proof from a licensed counselor or therapist that he is fit to practice law and Duncan's provision of proof that the client set forth in SDB Docket No. 6922 has been

6

refunded the money as set out in the grievance mentioned therein. At the conclusion of the six-month suspension imposed in this matter, Duncan may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions on reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Duncan is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Six-month suspension with conditions. All the Justices concur.

Decided August 28, 2017.

Suspension.

<u>Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar</u>, for State Bar of Georgia.