310 Ga. 1
FINAL COPY

S20Y1503.  IN THE MATTER OF TIMOTHY WALTER BOYD.

PER CURIAM.

This disciplinary matter is before the Court on the third Petition for Voluntary Discipline of Timothy Walter Boyd (State Bar No. 072790), filed after the issuance of a formal complaint, pursuant to Bar Rule 4-227 (c).  In his petition, Boyd, who has been a member of the Bar since 1992,[1] admits to conduct in violation of Rules 1.2, 1.4, 1.5, 1.16, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  The maximum penalty for a violation of Rules 1.2 and 8.4 (a) (4) is disbarment; the maximum penalty for a violation of Rules 1.4, 1.5, and 1.16 is a public reprimand.  In addition, because Boyd admits to having been privately disciplined by the State Bar on three prior occasions, he

---

[1] Boyd has also been admitted to practice law in Virginia since 1988.

admits that this new misconduct "in and of itself[ ] constitute[s] discretionary grounds for suspension or disbarment." Bar Rule 4-103. Having been rebuffed in his prior requests for a Review Panel[2] or public reprimand, Boyd now requests the imposition of a suspension in the range between six and 18 months. Despite its previous contention that disbarment was warranted, the State Bar has assented to the discipline Boyd now proposes.[3]

The facts as found by the special master are as follows. In October 2010, Boyd began representing a client in connection with foreclosure proceedings instituted by Wells Fargo Home Mortgage

---

[2] On January 12, 2018, this Court entered an order amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"), including Bar Rule 4-102 (d), which contains the Georgia Rules of Professional Conduct. Under the pre-amendment version of the Bar Rules, which was in effect when Boyd filed his first Petition for Voluntary Discipline, what is now a State Disciplinary Review Board reprimand was called a Review Panel reprimand. See Bar Rule 4-102 (b) (4).

[3] Specifically, in his first Petition for Voluntary Discipline, Boyd admitted to a single rule violation and requested a Review Panel or public reprimand; the State Bar opposed the petition and contended that disbarment was warranted, and the special master rejected the petition. Following a change in counsel, Boyd filed a second petition, admitting to one additional rule violation and requesting a public reprimand. The State Bar opposed the petition, contending that the admitted violations justified a sanction that "exceeds a public reprimand." Before the special master ruled on the petition, and on the eve of the final hearing, Boyd filed this, his third petition.

as to the client's Cumming, Georgia residence. The client had been represented by a California-based law firm, Stephen R. Golden & Associates ("Golden"), in an effort to modify his mortgage and, on Golden's advice, the client engaged Boyd as local counsel. Boyd's agreement with the client provided that Boyd would investigate the legitimacy of the foreclosure and eviction process undertaken by Wells Fargo for a flat fee of $3,000. The client paid the $3,000, and Boyd's investigation uncovered no basis for challenging Wells Fargo's conduct. Boyd, however, was reluctant to communicate this conclusion to the client, and he began to investigate the possibility of a claim against Golden based on its lack of qualification to do business in Georgia. In 2015, Boyd falsely represented to the client that he had "published" a lawsuit against Golden; that a default judgment had been entered; and that he was proceeding to have the judgment domesticated in California. After a four-month period during which Boyd continued to perpetuate this falsehood but failed to provide documentation to substantiate it, the client became suspicious and began recording his conversations with Boyd, in one

of which Boyd finally admitted that he had never filed the purported lawsuit.

In the meantime, in 2013 Boyd had agreed, for a flat fee of $500, to assist the client in seeking the release of an IRS levy; this agreement was never reduced to writing. When the parties' attorney-client relationship ended in December 2015, Boyd billed the client for his work on the matter at his hourly rate for a total of $6,600, prompting a fee dispute that ended in arbitration before the State Bar, which determined that the $6,600 fee was improper.

Boyd has been subject to private discipline by the State Bar on three prior occasions: in July 2011, Boyd received a formal letter of admonition from the State Bar Investigative Panel for the violation of Rules 1.3, 1.4, 1.5, 1.16 (d), 7.1, and 7.5; in June 2012, he received a reprimand from the Investigative Panel for the violation of Rule 5.3; and in November 2014, he received a reprimand from the Investigative Panel for the violation of Rule 1.4. According to the special master, these prior disciplinary actions involved violations "substantially similar" to those involved here, including the failure

to communicate with clients; failure to complete or diligently perform agreed-upon services; failure to timely provide files to clients; failure to timely refund fees; and intentional misrepresentations to clients, to their detriment. In addition, the special master noted the proximity in time of all three prior disciplinary actions to the events involved in this action, concluding that Boyd "either failed to understand or deliberately discounted the import of" the prior discipline.[4]

Assessing the rule violations in this action, the special master noted that the Formal Complaint alleges "no fewer than nine" rule violations and that Boyd has admitted to violating six rules. Specifically, Boyd has admitted to violating Rules 1.2 (a) and 1.4, by failing to consult and communicate with his client regarding his

---

[4] Specifically, the July 2011 matter pertained to a grievance in which a client had paid Boyd a retainer for legal work that Boyd never performed and thereafter Boyd failed to refund the fee or return the client's file; the June 2012 matter pertained to his non-lawyer employee having held himself out as an attorney; and the November 2014 matter pertained to a grievance in which Boyd was found to have failed to communicate with a client and then retained unearned fees. The Rule 7.1 and 7.5 violations pertained to Boyd's use of a misleading firm name.

5

conclusions with regard to potential actions against Wells Fargo and Golden and intentionally misrepresenting to his client that he had filed suit against Golden; Rule 1.5 (b), by failing to properly notify his client that he was no longer abiding by the flat fee arrangement for the IRS matter and invoicing the client at his hourly rate; Rule 1.16 (c) and (d), by "effectively terminat[ing] the attorney-client relationship" with his client but failing to inform the client of this fact for several months and failing to return the client's file to permit the client to seek other counsel; and Rule 8.4 (a) (4), by leading his client to believe that a viable case could be made against Golden and misrepresenting that he had filed suit, obtained a default judgment, and was attempting to domesticate it. Boyd also admitted to having been disciplined in the three prior actions, rendering him subject to discipline under Rule 4-103. In addition, though Boyd did not admit to violating Rule 1.3, the special master found that Boyd's conduct with regard to the non-existent lawsuit against Golden constituted "a willful abandonment and disregard of a legal matter entrusted to him . . . [in] violation of Rule 1.3." As to the two additional rule

6

violations alleged in the Formal Complaint — regarding Rules 5.3 and 8.1 — the special master found insufficient evidence thereof on the current record but noted the possibility that additional violations could be established were the case to proceed.

In recognition of this Court's reliance on the American Bar Association's Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 265 Ga. 353, 354 (456 SE2d 52) (1995), the special master considered potential factors in aggravation or mitigation of Boyd's misconduct. In aggravation, the special master cited Boyd's history of prior discipline; his dishonest or selfish motive; his pattern of misconduct and multiplicity of rule violations; his refusal to acknowledge the wrongful nature of his conduct; the vulnerability of his victim[5]; and his substantial experience in the practice of law.[6]

---

[5] Though not expressly stated by the special master, the finding of vulnerability was supported by the undisputed facts that the client was facing an IRS levy on his assets after liquidating his IRA and losing his home to foreclosure.

[6] While the special master also found in aggravation that Boyd had intentionally obstructed the disciplinary proceeding by failing to comply with State Bar rules or orders, the conduct to which the special master refers in this regard is unclear.

By contrast, the special master found no mitigating factors, noting the absence of evidence that Boyd suffers from any personal or emotional problems and rejecting Boyd's assertions of various other mitigating factors. Specifically, the special master found, contrary to Boyd's contentions, that (1) he had acted with a selfish motive, by admittedly deceiving his client regarding the Golden lawsuit in order to avoid an "unpleasant confrontation" with his client; (2) he had not made genuine efforts to rectify the consequences of his misconduct, given that his eventual admissions of wrongdoing and refunding of fees were undertaken only after his client was compelled to begin recording their phone conversations and to seek arbitration over their fee dispute; (3) he could not rely on his good character and reputation, given the rapid succession of similar disciplinary actions against him since 2011; (4) he had failed to demonstrate any interim rehabilitation, despite his prior disciplinary sanctions; (5) his claims of remorse, often expressed together with proffered justifications for his actions, appeared self-serving; and (6) his prior disciplinary infractions were not too remote

to be considered in connection with these proceedings and in fact evidenced a repetitive pattern of conduct "unbecoming of the profession of law and harmful to the public." As a consequence of Boyd's demonstrated "lack of fundamental reliability and honesty necessary to practice law," the special master recommended a suspension of 18 months.

Nearly simultaneously with the filing of the special master's report with the Disciplinary Board, the State Bar filed in this Court a motion seeking an interim suspension of Boyd for his failure to file a response to a Notice of Investigation in a new matter involving possible violations of Rules 1.3, 1.4, 1.5, 1.16 (d), 3.2, and 8.4 (a) (4). Noting that the maximum sanction for the violations cited in the Notice is disbarment, the Court granted the motion and ordered Boyd suspended until further order of the Court. See *In the Matter of Boyd*, S20Y0900 (Mar. 3, 2020). As the State Bar's motion does not describe the factual basis for the new allegations, the Court at this time has little information regarding the conduct underlying the new matter. It does not, however, escape our notice that many

of the rules cited in the motion are the same rules Boyd admits violating in this matter.

In light of the quantum and the nature of the rule violations found by the special master; Boyd's apparent inability or unwillingness to accept the gravity of his misconduct or alter his behavior for the better; the absence of any mitigating factors; and Boyd's past history of violations, alleged continuation of such conduct, and failure to respond in compliance with Bar Rules to the most recent matter, we cannot accept Boyd's petition for voluntary discipline. We note that, in at least some instances of misconduct similar to that displayed here, this Court has previously imposed more severe discipline than what Boyd proffers as his upper limit. See, e.g., *In the Matter of Larson*, 305 Ga. 522 (826 SE2d 99) (2019) (disbarment for violating Rules 1.2, 1.3, 1.4, 1.16 (d), 3.2, 8.4 (a) (4), and 9.3 by failing to consult and communicate with clients and pursue matters diligently, making misrepresentations to a client's family, abandoning clients, and failing to refund unearned fees); *In re Jaconetti*, 291 Ga. 772 (732 SE2d 447) (2012) (three-year

10

suspension with conditions for violating Rules 1.2, 1.3, 1.7, 1.16 (d), and 8.4 (a) (4) by neglecting eight different client matters, failing to communicate with clients, and failing to account for fees received or refund unearned fees, where attorney had prior disciplinary history but also significant mitigating circumstances).

Accordingly, we reject Boyd's Third Petition for Voluntary Discipline. Because the charges underlying the disciplinary matter docketed in this Court as S20Y0900 — designated as State Disciplinary Board File Number 190069 — will be relevant to the Court's determination of the appropriate discipline in this matter (and vice versa), we direct the State Bar to take appropriate steps to consolidate the proceedings in this case with those at issue in S20Y0900, so that the matters may be considered and resolved in tandem.

*Petition for voluntary discipline rejected, and case remanded with direction. All the Justices concur.*

Decided September 28, 2020.

Petition for voluntary discipline.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Lance W. Gowens*, for Boyd.