312 Ga. 345
FINAL COPY

S21Y1097. IN THE MATTER OF CARL S. VON MEHREN.

PER CURIAM.

This disciplinary matter is before us on the Report and Recommendation of Special Master Catherine Koura, who recommends that this Court (1) accept the petition for voluntary discipline filed by Respondent Carl S. Von Mehren (State Bar No. 728840) pursuant to Bar Rule 4-227 (c) after the State Bar filed a formal complaint against him; and (2) impose a six-month suspension for Von Mehren's admitted violations of Rules 1.3, 1.15 (I) (a), and 1.16 (d) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Having reviewed the record, we agree to accept the petition and to impose a six-month suspension.

According to the Special Master, Von Mehren, who has been a member of the Bar since 1987 and who asserts that he is not accepting new matters as he is in the process of winding down his

practice to retire, seeks to resolve two separate grievances, State Disciplinary Board Docket ("SDBD") No. 7195 and SDBD No. 7196.

With regard to SDBD No. 7195, the record shows that Von Mehren conducted a real estate closing in which his clients were the purchasers of certain property. Pursuant to the agreement, Von Mehren was to retain $70,000 in his escrow account after closing for later distribution. In the spring of 2017, both the seller and Von Mehren's clients demanded the funds, but Von Mehren declined to distribute the money to either party because he was aware that a dispute had arisen between the parties as to their entitlement to those funds and that they were negotiating to resolve the dispute. In the fall of 2017, the seller sued Von Mehren and the purchasers for fraud, and Von Mehren deposited the funds into the trial court's registry pursuant to a motion for interpleader.[1]

Although the Special Master found that Von Mehren acted reasonably in declining to disburse the funds to either party, the

---

[1] That suit was later resolved when the trial court granted the defendants' motions for summary judgment on the seller's fraud claim.

record showed that during the time he was supposed to be retaining those funds, the balance of Von Mehren's trust account often dropped below $70,000 and that, while he denied ever using any trust funds for his personal benefit, he acknowledged that he did not keep accurate records that would have prevented the trust account balance from falling below the $70,000 required amount. The Special Master further noted that Von Mehren admitted that the $70,000 should have remained in his escrow account until he moved for interpleader; that between May 2017 and August 2017, Von Mehren's escrow account balance repeatedly fell below $70,000, and sometimes for extended periods of time; and that, at one point, the balance was as low as $21,227.26. The Special Master also noted Von Mehren's assertions that, throughout this time, his firm was closing various real estate transactions involving large sums of money; that no client was ever harmed; and that LandTech (the management system used by his firm) was, and still is, a very common system used by real estate practitioners but that the system identifies the funds by transaction, rather than attributing them to

3

a particular person. Based on the above, the Special Master found that Von Mehren violated Rule 1.15 (I) (a) by failing to keep accurate records that would have prevented the trust account balance from falling below the required level of $70,000 and would have allowed him to determine how much money he was holding for each client or third party.

With regard to SDBD No. 7196, the record shows that, in February 2015, a man approached Von Mehren about pursuing a claim of adverse possession on his behalf against a business that owned an adjacent property. Von Mehren agreed to initiate that proceeding, but failed to do so because he misplaced the affidavit the man provided him in support of the claim and never took steps to obtain a replacement. In the meantime, the business mailed the man a letter complaining about an outbuilding, which it contended was encroaching on its property. Von Mehren communicated with the business on behalf of the man, even though Von Mehren had not been retained or paid to do so, but the business nonetheless filed suit against the man for trespass. Von Mehren and the man then

executed an engagement letter covering Von Mehren's representation of the man in that lawsuit.

In his petition for voluntary discipline, Von Mehren asserted that he initially believed the man had a viable legal argument based on the man's staunch belief that his outbuilding was located entirely on his own property. However, after learning that the results of a survey showed the man's outbuilding to be located mostly or entirely on the property owned by the business, Von Mehren felt that the survey destroyed the man's claim of adverse possession as well as his defense to the trespass suit. Von Mehren contended that even though he communicated these concerns, the man remained convinced that he could prevail, requiring Von Mehren to orally advise the man that he would not continue the representation. However, Von Mehren did not specifically tell the man that he would not communicate with opposing counsel or file an answer on his behalf as agreed upon in the engagement letter. Von Mehren now admits that the better practice would have been to inform the man in writing that the professional representation had been terminated,

but Von Mehren asserts that he was never paid any fees and that the man did not communicate a desire for Von Mehren to continue representing him. Von Mehren did not communicate with the man after that meeting and did not ensure that he had retained new counsel. Thereafter, the man went into default. Although the man hired another attorney who was able to get the default opened, he ultimately had to settle the lawsuit after spending a substantial sum of money because his defense was not viable. Based on these facts, the Special Master concluded that Von Mehren violated Rules 1.3 and 1.16.

Having found violations of Rules 1.3, 1.15 (I) (a), and 1.16, the Special Master turned her attention to the appropriate level of discipline, noting that the maximum penalty for a single violation of Rules 1.3 and 1.15 (I) (a) is disbarment, and the maximum penalty for a violation of Rule 1.16 is a public reprimand. The Special Master correctly recited that Georgia looks to the ABA's Standards for Imposing Lawyer Sanctions for guidance in determining punishment in disciplinary cases, see *In the Matter of Morse*, 266

Ga. 652, 653 (470 SE2d 232) (1996), and that ABA Standard 3.0 provides for consideration of the following factors in imposing discipline: (1) the duty violated; (2) the lawyer's mental state; (3) the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors.

The Special Master then concluded that in SDBD No. 7195, Von Mehren negligently dealt with his trust account by allowing the balance to drop below the $70,000 threshold he was required to retain and that, although the seller, who was not his client, made a claim to the $70,000, the trial court ultimately found that the seller's claim lacked merit. The Special Master reasoned that, if Von Mehren had filed an interpleader action immediately upon determining that there was a dispute over the funds, the seller would not necessarily have had to file her lawsuit, but she still would have had to engage in the legal process associated with the interpleader action. The Special Master considered the State Bar's concession that it could not prove by clear and convincing evidence that Von Mehren withdrew funds from the trust account for his

7

personal benefit as well as its argument that it could not do so, in part, because Von Mehren did not maintain the required records that would have allowed for such a determination and because he did not otherwise provide an accounting of the $70,000.

With regard to SDBD No. 7196, the Special Master found that Von Mehren acted negligently in his handling of the man's affidavit and in discontinuing the representation as he did, but she noted that those violations resulted in little or no injury because the man was able to open the default and because it is extremely unlikely that the man could have prevailed either in the property dispute or the adverse possession claim.

The Special Master noted that Von Mehren filed his petition for voluntary discipline after negotiations with the Bar; that he requested the imposition of a public reprimand as discipline, but agreed to accept a suspension of up to six months; and that the Bar did not object to acceptance of the petition, but argued that a six-month suspension was the appropriate level of discipline. After due consideration of those positions and the facts of these two cases, the

Special Master found that a six-month suspension would be appropriate and consistent with prior similar cases; would best serve the purpose of sanctioning Von Mehren for failing to maintain proper records for a trust account, failing to maintain property in trust, and failing to ensure that a client's interests were protected; and would remind practitioners that lawyer discipline also functions to protect clients, courts, and the public. See *In the Matter of Duncan*, 301 Ga. 898, 899 (804 SE2d 342) (2017) (six-month suspension with conditions for reinstatement for violations of Rules 1.4, 1.15, and 1.16 (c) in two client matters; no prior disciplinary history and mitigating factors); *In the Matter of Graziano*, 299 Ga. 7, 7 (785 SE2d 537) (2016) (six-month suspension with conditions for violations of Rules 1.3, 1.4, and 1.16 in a single matter, which resulted in dismissal of client's suit and judgment against her on counterclaim); *In the Matter of Buckley*, 291 Ga. 661, 662 (732 SE2d 87) (2012) (four-month suspension for violations of Rules 1.3, 1.4, and 1.16 in one client matter; prior disciplinary history, but mitigating factors). And, although she considered the aggravating

9

factors of multiple offenses and substantial experience in the practice of law, see ABA Standard 9.22 (d) and (i), and the mitigating factors of no prior disciplinary history and no dishonest motive, see ABA Standard 9.32 (a) and (b), the Special Master found that those factors did not warrant modification of the recommended level of discipline. Therefore, she recommends that this Court accept Von Mehren's petition for voluntary discipline and impose a suspension of six months for his admitted violations.

Having reviewed the entire record in this case, we conclude that a six-month suspension is an appropriate sanction in this case. Accordingly, we hereby accept Von Mehren's petition for voluntary discipline and order that he be suspended from the practice of law for six months. Because there are no conditions on Von Mehren's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is

issued and will expire by its own terms six months later. Von Mehren is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Six-month suspension. All the Justices concur.*

Decided August 24, 2021.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Gene Chapman*, for Von Mehren.